UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD FOMINYKH,<br><br>                  Petitioner,<br><br>    v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                  Respondent. | NO. C12-879-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Edward Fominykh has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. 9.) He requests that "the Court Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit." (Dkt. 9 at 2.)

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Russia. (Administrative Record ("AR") at L281, L608-10.) On March 27, 1998, he was admitted to the United States as a nonimmigrant B-2 visitor with authorization to remain in the country for a temporary period not to exceed September 26, 1998. *Id*. Petitioner remained in the United States beyond September 26, 1998, without authorization from the Department of Homeland Security. *Id*.

On June 15, 2009, ICE served petitioner with a Notice to Appear, charging him as subject to removal from the United States under 8 U.S.C. § 1227(a)(1)(B), for having remained in the United States for a time longer than permitted. (AR L280-81.) On March 15, 2011, an Immigration Judge ("IJ") denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed from the United States to Russia. (AR L586-99.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on July 29, 2011. (AR L601-02.) On August 8, 2011, petitioner filed a petition for review of the BIA's decision and motion for a stay of removal with the Ninth Circuit Court of Appeals. (AR L804-05.)

On October 28, 2011, petitioner filed a motion to reopen with the BIA, which denied the motion on December 12, 2011. (AR L710-15, L808-11.) On January 9, 2010, petitioner filed a petition for review of the BIA's decision and a motion for stay of removal with the Ninth Circuit. (AR L800, L806.) The Ninth Circuit consolidated the petitions on May 8, 2012, and denied the motions for stay of removal. (AR L798, L800, L803, L804, L807.) Petitioner's consolidated petitions remain pending before the Ninth Circuit.

On May 21, 2012, petitioner filed the instant habeas petition, challenging the lawfulness of his continued detention. On July 30, 2012, respondent filed a return and motion to dismiss. (Dkt. 11.) Petitioner did not file a response.

REPORT AND RECOMMENDATION - 2

## III.     DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) (citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the *latest* of the following:

(i)  The date the order of removal becomes administratively final.

(ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

8 U.S.C. § 1231(a)(1)(B); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*.

In the present case, the Ninth Circuit denied petitioner's motions for stay of removal in his consolidated petitions for review on May 8, 2012. As a result, the removal period began to

REPORT AND RECOMMENDATION - 3

run on that date. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period expired on or about August 8, 2012, and the six month presumptively reasonable period will expire on or about November 8, 2012. Therefore, petitioner is detained within the presumptively reasonable six-month period, and his petition must be denied. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus (Dkt. 9) be DENIED, respondent's motion to dismiss (Dkt. 14) be GRANTED, and this matter be DISMISSED with prejudice.

DATED this 17th day of September, 2012.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge